IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA L. LITTLEJOHN, | | |
| | Plaintiff, | No. CIV S-02-2000 WBS GGH |
| vs. | | |
| JO ANNE B. BARNHART,<br>Commissioner of<br>Social Security, | | FINDINGS & RECOMMENDATIONS |
| | Defendant. | |
| _____/ | | |

Counsel's motion for attorney's fees, filed December 28, 2005, is pending before the court. Defendant filed on January 30, 2006 a response taking no position, but submitting points for the court's assistance. Counsel requests attorney's fees in the amount of $12,141.74.

Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such

1

attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1).[1]

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991). The Commissioner has standing to challenge the fee award. Craig v. Secretary, Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989). The goal is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25 percent statutory maximum fee, although presumptively the award to be given, is not automatic. The court also must ensure that the fee request is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). The Gisbrecht court suggested that the claimant's lawyer should submit a record of hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in concluding that the fee sought is reasonable. Id. The character of the representation (including matters such as attorney caused delay), or the nature of the results achieved might, in a proper case, justify downward adjustment from the statutory maximum fee. Id.

Counsel has attached to his motion a letter from the Commissioner advising plaintiff that the Social Security Administration is withholding 25% of plaintiff's past due benefits, or $12,141.74, to pay attorney's fees. Counsel requests a fee in the amount of $12,141.74. Counsel has submitted a copy of a standard social security case 25% contingency fee arrangement, together with a statement documenting 36.75 hours expended on matters before this court. Counsel has also submitted a declaration by plaintiff voicing her agreement with the

---

[1] Section 406(b) fees are those fees awarded because of successful court litigation. See Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817 (2002). Section 406(a) fees refer to work performed in the administrative process, and are not at issue here.

requested amount.  The court finds the amount of hours expended to be reasonable.  The requested  fee divided by the hours expended constitutes an hourly billing rate of approximately $330.38/hour.  While the hourly rate yielded is substantial, the court finds $12,141.74 to be a reasonable fee in light of the contingency arrangement between plaintiff and her counsel, the hours expended, the quality of counsel's representation, and the results achieved.

As a general matter, where an award is made pursuant to § 406(b), that sum must be offset by any sum awarded as fees pursuant to EAJA.  See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").  Here, however, plaintiff's counsel did not seek EAJA fees.  Therefore, counsel is ordinarily entitled to the entire $12,141.74 sought.

Nevertheless, the court is troubled by counsel's failure to seek an EAJA offset to the detriment of his client.  Counsel explains that he chose not to seek EAJA fees for various reasons, including his confidence that plaintiff would be found disabled, an effort to avoid fee maximizing, and an attempt to meet and confer with defendant to which defendant did not respond.

The court does not understand counsel's reasoning.  The more likely it was that plaintiff was in fact disabled, the more likely it would be that the initial decisions denying benefits would be found lacking substantial justification.  Thus, EAJA fees should be sought. Moreover, the point of seeking EAJA fees in Social Security cases is not a concern about maximizing fees to the attorney, but in minimizing the fees a client will have to pay out of his or her award.  Finally, what does an alleged failure of the Commissioner to meet and confer have to do with seeking fees?  Simply because the award of fees is not the subject of stipulation does not mean that the client should therefore fork over the amount of fees which the government would otherwise pay if pressed.[2]  Counsel should be credited with standing by plaintiff to pursue

---

[2] The court notes with appreciation the gracious declaration of plaintiff in which she supports counsel receiving the full amount of fees from her back award.  While such showing of

3

benefits through four administrative hearings, and three proceedings before the Appeals Council; however, the EAJA offset amounts to $5,928.51, a significant amount for a plaintiff who is proceeding under Title XVI. Counsel has offered in the alternative to accept a reduction in his fee in the amount of the EAJA offset. Therefore, the requested amount will be reduced accordingly.

For the reasons stated herein, IT IS RECOMMENDED that counsel's request for attorney's fees in the amount of $12,141.74 be GRANTED in part. The requested amount should be reduced by $5,928.51 in EAJA fees which were not sought. Counsel accordingly should be entitled to receive $6,213.23 from plaintiff's retroactive benefits. The Commissioner should be directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/2/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Littlejohn2000.fee.wpd

---

gratefulness on behalf of a client is more often not evident in today's litigation climate, the point of EAJA is to diminish the client's exposure to fees in appropriate cases, i.e., in cases where the successful outcome should not have been contested by the Commissioner.